IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANN MARIE PARADOWSKI, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-13-1621 | |
| § | | |
| TOMBALL TEXAS HOSPITAL § | | |
| COMPANY, LLC, § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

Plaintiffs Ann Marie Paradowski, Lynne Jones, Sheila Luedke, and Randy Carr filed this employment discrimination lawsuit against Defendant Tomball Texas Hospital Company, LLC d/b/a Tomball Regional Medical Center ("Tomball"). Defendant filed a Motion to Dismiss [Doc. # 4], asserting that Plaintiffs Luedke and Carr, in connection with their termination, were offered and accepted severance agreements releasing Defendant for all employment related claims. By Order [Doc. # 10] entered July 10, 2013, the Motion to Dismiss was converted to a Motion for Summary Judgment, to which Plaintiffs filed a Response [Doc. # 11] and Tomball filed a Reply [Doc. # 12]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion for Summary Judgment on the claims of Luedke and Carr.

## I.     BACKGROUND

Plaintiffs Luedke and Carr were employed by Tomball for many years prior to their termination in April 2012, at which time Tomball informed Plaintiffs that their positions were being eliminated.  In connection with the termination of their employment, Plaintiffs Luedke and Carr signed Severance Agreements pursuant to which they released all claims against Tomball in exchange for monetary consideration.[1]  The releases in the Severance Agreements, which begin on the first page, are written in clear, easily understood, standard English.  The employee is advised to consult with an attorney, and has a twenty-one (21) day period during which to review and consider the Severance Agreement.  *See* Severance Agreement, ¶ 7.  The employee also has seven (7) days after executing the Severance Agreement in which to revoke his acceptance of the agreement terms.  *See id.*  Luedke received $8,884.80, and Carr received $16,390.40 as consideration for signing the Severance Agreements.

Plaintiffs Luedke and Carr, together with Plaintiffs Paradowski and Jones, filed this lawsuit in Texas state court asserting exclusively state court causes of action. Plaintiffs alleged that their termination was the result of age discrimination, and Carr

---

[1]     The Severance Agreements are attached as Exhibit B to Defendant's Motion.

alleged also that his termination was discrimination on the basis of his disability (diabetes).

Tomball moved for summary judgment based on the releases contained in the Severance Agreements signed by Luedke and Carr. The Motion has been fully briefed and is ripe for decision.

## II.  SUMMARY JUDGMENT STANDARD

"For a defendant to obtain summary judgment on an affirmative defense, it must establish beyond dispute all of the defense's essential elements." *Bank of La. v. Aetna U.S. Heathcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). Where, as here, the employer relies on a facially valid release that covers the claims asserted, the burden shifts to the employee to produce summary judgment evidence that the release is invalid. *See Pena v. Southern Pac. Transp. Co.*, 555 S.W.2d 184, 185 (Tex. Civ. App. 1977); *Wright v. Verner, Liipfert, Bernhard, McPherson and Hand*, 2005 WL 497264, *4 (Tex. App. – Houston [1 Dist.] Mar, 3, 2005).

There exists a dispute precluding summary judgment if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted). The facts and the inferences to be drawn from them must be reviewed in the light most

favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy – that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

## III. FRAUDULENT INDUCEMENT ARGUMENT

Plaintiffs Luedke and Carr admit that they signed the Severance Agreements. They concede also that the releases in the Severance Agreements cover all claims asserted in this lawsuit. Plaintiffs argue, however, that the Severance Agreements are invalid because Tomball fraudulently induced them to sign the Agreements.

### A. "Disclaimer of Reliance" Language

In response to Plaintiffs' fraudulent inducement argument, Defendant argues first that the argument is precluded as a matter of law by the language in the Severance Agreements disclaiming reliance on any representations not contained in the Agreements. The Severance Agreements provide specifically that "[n]either party has made any representations that are not contained herein on which either party has relied in entering into this Agreement." *See* Severance Agreements, ¶ 13(d).

Under Texas law, "a disclaimer of reliance on representations, 'where the parties' intent is clear and specific, should be effective to negate a fraudulent

inducement claim.'" *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008) (quoting *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex. 1997)). The Texas Supreme Court in *Forest Oil* declined, however, to adopt a *per se* rule that a disclaimer of reliance always precludes a fraudulent inducement argument, stating that "Courts must always examine the contract itself and the totality of the circumstances when determining if a waiver-of-reliance provision is binding." *Forest Oil*, 269 S.W.3d at 60-61. The relevant factors that indicate such a provision is binding are:

> (1) the terms of the contract were negotiated, rather than boilerplate, and during negotiations the parties specifically discussed the issue which has become the topic of the subsequent dispute; (2) the complaining party was represented by counsel; (3) the parties dealt with each other in an arm's length transaction; (4) the parties were knowledgeable in business matters; and (5) the release language was clear.

*Id.* at 60. The rule that "disclaimer of reliance" language bars a fraudulent inducement claim is generally applied in commercial transactions negotiated between sophisticated businessmen. In one case where the rule was applied in a severance agreement situation, the "employee" was the Executive Vice President of a major energy company. *See McLernon v. Dynegy, Inc.*, 347 S.W.3d 315 (Tex. App. – Houston [14th Dist.] 2011, no pet.).

In this case, the release and disclaimer-of-reliance language is clear and unambiguous. There is no evidence, however, that the parties specifically discussed

the release language, and it is unclear to what extent the parties were dealing at arm's length. Plaintiffs were not represented by counsel, although they were advised to consult with an attorney before executing the Severance Agreements. Plaintiffs are intelligent and well-educated, both having attended college. Plaintiff Luedke worked as the Benefits Coordinator in Tomball's Human Resources Department, and Plaintiff Carr was Tomball's Materials Management Director/Safety Committee Chairman. It is close question, but under the circumstances in this case, the Court declines to hold that the "disclaimer of reliance" language precludes Plaintiffs' fraudulent inducement argument as a matter of law.

### B.   Analysis of Fraudulent Inducement Argument

Plaintiffs Luedke and Carr argue that the Severance Agreements are invalid because they were fraudulently induced. To prevail on their fraudulent inducement argument, Plaintiffs Luedke and Carr must establish the elements of fraud "as they relate to an agreement between the parties." *See McLernon*, 347 S.W.3d at 328 (quoting *Haase v. Glazner,* 62 S.W.3d 795, 798-99 (Tex. 2001)). "The elements of fraud are (1) a material misrepresentation, (2) made with knowledge of its falsity or without any knowledge of the truth and as a positive assertion, (3) made with the intention that it should be acted on by the other party, and (4) the other party acts in reliance on the misrepresentation and thereby suffers injury." *Id.* (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors,*

*Inc.*, 960 S.W.2d 41, 47-48 (Tex. 1998)); *see also In Re VNA, Inc.*, __ S.W.3d __, 2013 WL 1776079, *2 (Tex. App. – El Paso 2013).[2]

In this case, Plaintiff Luedke asserts that she was told by Patricia Justice, Defendant's Human Resources Director, that she should take the Severance Agreement home with her, review it, and return it "in the next couple of days." *See* Luedke Affidavit, Exh. A to Response [Doc. # 11], ¶ 6. Plaintiff Luedke claims that, based on this statement, she believed that she was required to sign the Severance Agreement and "did not believe [she] had a choice." *See id.*, ¶ 7. Plaintiff Luedke's evidence fails to raise a genuine issue of material fact in support of her fraudulent inducement argument. Justice's statement to take the Severance Agreement home, review it, and return it in the next couple of days was not false. There is no allegation that Justice instructed Luedke to sign the Severance Agreement, only that she should review it and return it. Defendant is, therefore, entitled to summary judgment on Plaintiff Luedke's discrimination claim because she executed a valid release.

Plaintiff Carr asserts that Keith Barber, Tomball's Chief Operating Officer, gave him the Severance Agreement and told him to "look it over and sign it." *See*

---

[2] Plaintiffs argue that the validity of the releases in the Severance Agreements should be analyzed using the "totality of the circumstances" test set forth in *O'Hare v. Global Natural Res., Inc.*, 898 F.2d 1015 (5th Cir. 1990). The *O'Hare* test, however, is used to consider releases of federal claims under the Age Discrimination in Employment Act, not Texas state law claims. *See O'Hare*, 898 F.2d at 1017; *Jarallah v. Sodexo, Inc.*, 452 F. App'x 465, 467 (5th Cir. Oct. 7, 2011).

Carr Affidavit, Exh. B to Response, ¶ 6.  Carr states that he believed he was required to sign the Severance Agreement as part of the termination process.  *See id.*, ¶ 8.  Carr has failed to raise a fact dispute in support of his fraudulent inducement argument.  There is no evidence that the statement to look over and sign the Severance Agreement was false.  Barber correctly told Carr to review the Severance Agreement, and it is true that signing the Severance Agreement was required in order for Carr to receive the $16,390.40 severance payment.  Carr has failed to present evidence that supports his fraudulent inducement claim.  As a result, Defendant is entitled to summary judgment on Plaintiff Carr's discrimination claims because he executed a valid release.

## IV.  **RATIFICATION**

Even if Plaintiffs Luedke and Carr could prove that the releases were invalid because they were fraudulently induced to sign the Severance Agreements, the releases were ratified because Plaintiffs retained the severance payments after taking the position that the Agreements were invalid.  *See, e.g., Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 937 (5th Cir. 1994); *Bolua v. BP Exploration and Prod., Inc.*, 2008 WL 4681985, *6 (S.D. Tex. Oct. 20, 2008) (Lake, J.).  "A person who signs a release, then sues his or her employer for matters covered under the release, is obligated to return the consideration.  Offering to tender back the consideration after

obtaining relief in the lawsuit would be insufficient to avoid a finding of ratification." *Williams*, 23 F.3d at 937 (citing *Grillet v. Sears, Roebuck & Co.*, 927 F.2d 217, 220-21 (5th Cir. 1991)).

Plaintiffs Luedke and Carr filed this lawsuit on May 7, 2013, asserting claims covered by the releases contained in the Severance Agreements. On July 3, 2013, they filed a Response to Defendant's Motion to Dismiss, admitting that they signed the Severance Agreements but arguing that the Court should "consider the circumstances under with Plaintiffs entered into" the agreements. *See* Response [Doc. # 8], p. 3. On July 31, 2013, they filed their Response to the converted Motion for Summary Judgment, arguing specifically that the releases in the Severance Agreements were invalid because they were fraudulently induced. At no time have Plaintiffs Luedke and Carr returned the severance payments they received in exchange for signing the Severance Agreements. As a result, they have ratified the releases and their claims in this lawsuit are barred.

## V.   CONCLUSION AND ORDER

The "disclaimer of reliance" language in the releases does not bar Plaintiffs Luedke and Carr's claims as a matter of law, but these two Plaintiffs have failed to present evidence that raises a genuine issue of material fact in support of their fraudulent inducement argument. Moreover, Plaintiffs Luedke and Carr ratified the

releases by retaining the funds they received as consideration. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 4] is **GRANTED** and the claims of Plaintiffs Sheila Luedke and Randy Carr are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this **16th** day of **August, 2013**.

Nancy F. Atlas
United States District Judge